IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DAVID LONGA, | ) | CRIM. NO. 07-00107 SOM |
|---|---|---|
| | ) | CIV. NO 10-00721 SOM/RLP |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| vs. | ) | MOTION UNDER 28 U.S.C. § 2255 |
| | ) | TO VACATE, SET ASIDE, OR |
| UNITED STATES OF AMERICA, | ) | CORRECT SENTENCE BY A PERSON |
| | ) | IN FEDERAL CUSTODY |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

I.      INTRODUCTION.

David Longa seeks relief in his "Petition for Habeas Relief under 28 U.S.C. § 2255 on Motion to Set Aside, Vacate or Correct Sentence." See "Motion," ECF No. 199.[1] All of the arguments raised by Longa were waived by him in his plea agreement. While the plea agreement permitted Longa to seek relief under 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel, Longa articulates no timely ineffective assistance claim. The court therefore denies this motion.

II.     FACTUAL AND PROCEDURAL BACKGROUND.

On June 18, 2009, after a Second Superseding Indictment was filed, Longa entered into a plea agreement with the Government and pleaded guilty to a single count of distributing and possessing with intent to distribute more than 50 grams of

---

[1] All CM/ECF filings cited in this Order refer to Longa's criminal case, Crim. No. 07-00107 SOM.

methaphetamine.  See ECF No. 154 ("Plea Agreement").  As part of the plea agreement, Longa waived his right to appeal except if the court imposed a sentence greater than the sentencing guideline range.  Longa also waived his right to bring a collateral attack, including a challenge under § 2255, except if the sentence exceeded the sentencing guideline range or the attack was based on a claim of ineffective assistance of counsel.  Id. ¶ 7.  On October 19, 2009, Longa was sentenced to 135 months of imprisonment, 5 years of supervised released, and a $100 special assessment.  See ECF No. 191.

Longa's sentence was at the low end of the sentencing guideline range.  As set forth in the Presentence Investigation Report ("PSR"), Longa's base offense level was 34.  See PSR ¶ 25.  With a three-point reduction for acceptance of responsibility, his total offense level was 31.  See id. ¶¶ 33, 35.  Longa was assessed 4 criminal history points, placing him in criminal history category III.  See id. ¶ 42.  Longa received 1 point for his 2003 conviction in a Hawaii state court for violating a temporary restraining order; 1 point for his 2006 conviction in a Hawaii state court for assault in the third degree; and 2 points under U.S.S.G. § 4A1.1(d) for having committed the present drug offense while on probation in the assault case.  See id. ¶¶ 38-42.  The combination of a total offense level of 31 and a criminal history category of III resulted in a sentencing

guideline range of 135 to 168 months.  See id. ¶ 67.

Judgment was entered on October 23, 2009, see ECF No. 194, and Longa did not appeal.

On December 6, 2010, over a year after judgment had been entered and the appeal time had run, the court received Longa's § 2255 motion.  See ECF No. 199.  On December 20, 2010, this court issued an order to show cause why Longa's motion should not be dismissed on the ground that it was barred by the one-year statute of limitations for § 2255 motions.  See ECF No. 200.  In his response and a supplemental memorandum, Longa gave various explanations.  See ECF Nos. 203 and 205.  He said that his trial counsel had "hoodwinked" him into pleading guilty and had failed to tell him when the limitation period would run, then contended that his trial counsel had given him no advice at all about bringing a collateral attack.  Subsequently, Longa filed a document stating that he had delivered his § 2255 motion to prison officials for mailing on November 1, 2010, but that the document was returned to him for insufficient postage on November 30, 2010.  See ECF No. 212.  In response to a court order requiring further information about the mailing, see ECF No. 211, Longa submitted a Declaration of Fact detailing the circumstances of the alleged mailing problem.  See ECF No. 213.  In light of the Declaration, the court concluded that it would proceed on the assumption that Longa's Petition was timely filed.  See ECF No.

214.[2]

III.     STANDARD OF REVIEW.

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A petitioner must allege specific facts that, if true, entitle the petitioner to relief.  See United States v. Howard, 381 F.3d 873, 877 (9th Cir.

---

[2] Longa's judgment was entered on October 23, 2009.  Longa had to file his § 2255 within a year from the date his judgment became final.  See 28 U.S.C. § 2255(f).  His judgment became final upon the expiration of the time during which he could have taken a direct appeal.  See Clay v. United States, 537 U.S. 522, 527-28 (2003).  Under the law applicable at the time, Longa had until November 2, 2009, to take a direct appeal.  If, as he claims, he deposited his petition into the prison mail system on November 1, 2010, then, deeming a deposit into the prison mail system to constitute timely filing, see United States v. Garcia, 210 F.3d 1058, 1061 n.5 (9th Cir. 2000), the court must conclude that his petition was timely deposited within the one-year limitation period.  The court is conscious of Longa's failure to provide a prison mail log or other document corroborating his declaration.  The court had specifically requested such documentation, see ECF No. 211, but Longa responded by saying he had been unable to access any BOP logs or similar materials, see ECF No. 213 ¶ 13.  In response to the court's statement that the court would assume that Longa's petition had been timely filed "unless the court receives evidence to the contrary," see ECF No. 214, the Government took no further action on the matter.  Given the state of the record, the court accepts Longa's description of his mailing attempts.

4

2004); United States v. Rodriques, 347 F.3d 818, 824 (9th Cir. 2003) (citing United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996)).

A judge may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules. A court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous," or if the issues can be conclusively decided on the basis of the evidence in the record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994). Because Longa cannot prevail even if this court accepted Longa's factual assertions as true, the court decides this matter without a hearing.

IV.     ANALYSIS.

In his plea agreement, Longa expressly waived his right to bring a § 2255 motion unless he was sentenced above the sentencing guideline range or he was basing the motion on a claim of ineffective assistance of counsel. Because he was sentenced

within the guideline range, only the ineffective assistance of counsel prong is available to him under the plea agreement.

The court's first inquiry is whether the waiver in the plea agreement is valid and enforceable. The Ninth Circuit has recognized that plea agreements may include waivers of appellate rights and of collateral attack rights. See, e.g., United States v. Leniear, 574 F.3d 668, 672 n.3 (9th Cir. 2009); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). The waiver, however, must be express. United States v. Pruitt, 32 F.3d 431, 432 (9th Cir. 1994). It must also be knowing and voluntary. United States v. Watson, 582 F.3d 974, 986 (9th Cir. 2009).

The essential terms of the written plea agreement that Longa signed were reviewed with him at his guilty plea hearing. See Plea Hearing Tr. at 5, 11, ECF No. 215. Longa was asked by the court whether the Assistant United States Attorney's oral summary of the plea agreement reflected his understanding of what he had agreed to, and he responded, "Yes, ma'am." Id. at 8. Similarly, after Longa said he had reviewed the written plea agreement with his attorney before he signed it, he was asked, "Did you understand what it said?" He responded, "Yes, ma'am." Id. at 5. Asked whether anyone had done anything to try to force him to sign the document or to enter a guilty plea, he said, "No, none at all." Id.

The waiver of appellate and collateral attack rights

was discussed at two points during the guilty plea colloquy. First, the Assistant United States Attorney summarized the waiver provision. Id. at 7. Second, the district judge described the waiver provision for Longa. Id. at 11. In the course of doing that, the district judge said:

> You're giving up your rights to bring any collateral attack, except if I give you a sentence higher than what the guidelines suggest, or if you are arguing that Mr. Singh has been ineffective in representing you in this case. Except for those circumstances, you are giving up your challenge rights to any sentence I give you. Do you understand this?

Id. Longa responded, "Yes, ma'am."

Early in the colloquy the district judge said, "Tell me if you are satisfied with Mr. Singh's representation of you in this case." Longa responded, "Very much so." Id. at 4. At the end of the colloquy, the court found that Longa was fully competent and capable of entering an informed plea and that his plea was voluntary and knowing. Id. at 20.

In seeking relief under § 2255, Longa now contends that a "review of the plea hearing makes it clear that it was not Petitioner's intention to waive his post sentencing rights to . . . a collateral attack via 2555," see ECF No. 221, but the court can find nothing in the record to support that contention. The court therefore concludes that Longa's waiver of his collateral attack rights was knowing and voluntary, and that the

7

waiver is valid and enforceable.

The court turns then to the claims Longa brings in his motion to determine whether they are claims of ineffective assistance of counsel.

Longa's first claim is that the court erred in its "upward decisions under 4A1.3." Motion at 7, ECF No. 199. Section 4A1.3 of the sentencing guidelines concerns upward and downward departures. Longa's sentence involved neither an upward nor a downward departure. Not only was there no upward departure, this claim alleges error by the court, not ineffective assistance by counsel. This claim therefore is clearly covered by Longa's waiver of his right to pursue a collateral attack. The court notes in passing that Longa's attorney asked for a variance from the guidelines in the form of a sentence of 120 months, the statutory mandatory minimum sentence, which the court declined to impose.

Longa's second claim is that he was actually innocent, such that his waiver of his right to challenge his sentence is invalid. Motion at 8, ECF No. 199. Nothing in Longa's discussion of actual innocence suggests any ineffectiveness on the part of his counsel. Longa does not identify evidence his counsel should have sought out or specify arguments his counsel should have made to establish Longa's actual innocence.

Longa's third claim is that his conviction and sentence

are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). Motion at 10-18, ECF No. 199. Again, Longa does not point to any ineffectiveness on the part of his attorney with respect to this claim. Longa appears to be arguing that the court violated his rights under Apprendi. In that regard, the court notes that, while Longa argues that Apprendi entitled him to have a jury decide the drug type and drug quantity attributable to him, Longa himself admitted under oath during the guilty plea colloquy that the drug was "crystal methamphetamine." See Plea Hearing Tr. at 19. He also said that he was not challenging the Government's measurement of the drug as including 50 grams or more of pure methamphetamine. See Plea Hearing Tr. at 19-20, 11, ECF No. 215. Longa also said he understood that, if he retained his not guilty plea and went to trial, he would have a right to have a jury determine whether he was responsible beyond a reasonable doubt for at least 50 grams of pure methamphetamine. Id. at 13. The court followed up by asking, "So if you plead guilty to count 1, you will not have a jury make any determination on the amount of drug that you are being held responsible for; do you understand?" He answered, "Yes, ma'am." Id. Not only does Longa fail to claim that his attorney's alleged ineffectiveness denied him any of his rights under Apprendi or explain what his attorney should have done, Longa does not show that any such rights were denied at all.

9

Longa's fourth claim is that the court violated 18 U.S.C. § 3553(a) in its calculation of relevant conduct. Motion at 19-23, ECF No. 199. Longa's sentence was not affected by any variable other than the drug amount, which he did not contest. Although Longa complains that the guidelines permit a sentencing court to consider matters for which a defendant was never convicted, the record does not reflect consideration of any such matters with respect to Longa's sentence. More importantly, this claim asserts an error by the court, not ineffective assistance by counsel.

Longa's fifth claim is that there is a constitutional problem with the reliance in 18 U.S.C. § 3553(f)(1) on what are now the advisory guidelines. Motion at 24, ECF No. 199. Longa says that the court should "reconsider application of the safety valve provision without Sections 3553(f)(1) and (f)(4)." Id. at 25. Nothing about this argument suggests that Longa's counsel was ineffective in any way. Longa again appears to be complaining about what the court, not his counsel, did or failed to do.

All of Longa's claims are barred by the collateral attack waiver in Longa's plea agreement. None of them raises or even suggests ineffective assistance of counsel.

To establish ineffective assistance of counsel, Longa would have to show that (1) his counsel's performance was

deficient, and (2) the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  There is "a strong presumption" that counsel's conduct was reasonable and that counsel's representation did not fall below "an objective standard of reasonableness" under "prevailing professional norms."  Id. at 688.  Even if a petitioner can overcome the presumption of effectiveness, the petitioner must still demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction," judicial scrutiny of counsel's performance is highly deferential.  Id. at 689.  Longa shows neither ineffectiveness nor prejudice.  Indeed, had Longa proceeded to trial, Longa would have risked having his two co-defendants testify against him and would likely not have received the benefit of the three-level reduction in his offense level for early acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  See PSR ¶¶ 31-32.  As it turns out, Longa does not appear in his § 2255 motion to even be claiming ineffectiveness by his counsel relating to his conviction or his sentence.

The court recognizes that Longa has contended that, "but for deficient counsel who cajoled and hoodwinked him into a guilty plea, with no benefits derived from a plea agreement, he

11

would have proceeded to trial, and it is more likely than not that no reasonable juror would convict him of the relevant crime."[3] See Motion to Show Cause at 7, ECF No. 203. However, this claim does not appear in Longa's § 2255 motion filed on December 6, 2010. Instead, it appears in a document dated January 27, 2011, and filed on January 31, 2011, in response to the court's inquiry into why his § 2255 motion had not been filed within a year from the date the judgment in his criminal case became final. Quite apart from the lack of evidence to support this claim, it fails because it is untimely. Even taking into account the problem with the prison mail that Longa described in arguing that he had filed his § 2255 motion within the one-year limitation period, see Declaration of Fact, ECF No. 213, the one-year period had clearly expired by the time Longa raised the claim that his counsel had "hoodwinked" him. The court accepts January 27, 2011, as the date the claim of "hoodwinking" was made. That is the date typed next to Longa's signature. See Motion to Show Cause at 12, ECF No. 203 (filed January 31, 2011). The alleged prison mail problem did not extend the limitation period to January 27, 2011. If a claimant could file timely

---

[3] In the same document, Longa complains that his counsel failed to tell him about the deadline for filing a § 2255 motion. This alleged failure in no way prejudiced Longa, as this court has deemed his filing timely, given the prison mail situation Longa describes. This absence of prejudice prevents Longa from making out a cognizable ineffective assistance of counsel claim on this point under Strickland.

claims that were meritless, then supplement them after the limitation period had run, the limitation period would become meaningless. If that were permissible, a claimant could meet the deadline by filing a naked statement that he was seeking relief under § 2255, then, after the deadline, set forth the bases of his statement.

The court similarly disregards as untimely Longa's assertions in his filing of "Petitioner's Traverse to Government Response Regarding Motion to Show Cause and Motion to Supplement Regarding Applicability of Equitable Tolling," in which he complains that his counsel told him to accede to the wishes of the court and allegedly assured him that he could attack his sentence in the future. Traverse at 3, ECF No. 221. These assertions form the basis of a request by Longa for leave to amend his § 2255 motion. This request appears to be a reaction to the Government's memorandum pointing out that the claims set forth in Longa's § 2255 motion do not involve ineffective assistance of counsel and are therefore waived.

Longa argues that he should be allowed to amend his motion under Rule 15 of the Federal Rules of Civil Procedure. See Traverse at 4. The court has seen the argument that Rule 15 governs amendments to § 2255 motions in other cases and has recognized that Rule 15 may mandate leave to amend when leave is sought before the one-year statute of limitation has run. See

13

United States v. Brooks, Cr. No. 98-00591 SOM, Civ. No. 04-00488 SOM/LEK, 2007 WL 2460759, at *5 (D. Haw. Aug. 24, 2007). Accord United States v. Galicia, No. CR S-94-0294 WBS KJM, 2007 WL 1655849, at *1 (E.D. Cal. June 7, 2007) ("Several courts have thus found that requests to amend § 2255 motions should be evaluated under Rule 15 of the Federal Rules of Civil Procedure."); Rule 12, RULES GOVERNING § 2255 PROCEEDINGS. This court would likely have granted Longa leave to amend his motion had he sought leave before the limitation period expired. Once the limitation period passed, however, this court lost the authority to entertain new claims.

This does not mean that the door absolutely closed on supplements to Longa's motion. Rather, it means that the court could only permit supplemental arguments that were tied to the core of facts set forth in the original timely motion. As the Supreme Court has stated, "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005). Longa's proposed new claims, however, do not go to the facts or the reasoning of any of the five claims he raised in his original motion. His ineffective assistance of counsel claim may therefore not be added given the expiration of the limitation period. See 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this

14

section.") The Supreme Court has noted, "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650. See also Robinson v. United States, Nos. CV-F-02-5418 OWW, CR-F-97-5129 OWW, 2007 WL 4284865, at *1 (E.D. Cal. Dec. 5, 2007) (rejecting motion to amend § 2255 motion in light of lack of common core of operative facts in claims in the original § 2255 motion and claims petitioner sought to add).

Longa's remedy at this point is to seek leave from the Ninth Circuit to file a second or successive motion. See 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").

The court declines to issue a Certificate of Appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). Longa's petition does not

15

raise debatable issues or issues that deserve to be encouraged.

V.  CONCLUSION.

The court DENIES Longa's motion to vacate, set aside, or correct sentence and DENIES Longa's request to amend his § 2255 motion. The court DECLINES to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 2, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Longa v. United States of America, Crim. No. 07-00107; Civ. No. 10-00721 SOM/RLP; SOM; ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.